ALVAREZ, PLAINTIFF AND RESPONDENT, *v.* DIMAS, DEFENDANT AND APPELLANT.

APPEAL from the District Court of San Juan, Section 1, in an action for restitution and for damages.

No. 1072.—Decided June 5, 1914.

POWER OF ATTORNEY—RESTITUTION—AGENT'S COMMISSION.—The evidence introduced at the trial showed clearly that the defendant had sufficient authorization to sell the house for $2,200; that the sale was made through Salvador Bugella; that the price paid by the purchaser, Ruiz Arnau, was $2,500;

that of this amount $300 was paid to Salvador Bugella for his services in negotiating the sale, and that the attorney in fact made an accounting to his principal for the remaining $2,200. *Held:* That the defendant acted in good faith within the limits of his authority and without fraud and that it was not proven that the sum of $300 paid to the agent was fraudulently appropriated and, therefore, that he was not compelled to return said sum to the plaintiff.

ID.—EXECUTION OF DEED DIRECTLY TO SECOND PURCHASER—FRAUD.—After examining the evidence introduced in this case it was held that the fact that the defendant, acting within the authority conferred upon him by the power of attorney executed by the plaintiff, sold a house to Bugella for $2,200 who in turn sold it to Ruiz Arnau for $2,500, and that the defendant executed a deed directly to Ruiz Arnau for $2,500, of which $2,200 was received by the principal and the remaining $300 by Bugella, does not constitute fraud.

FRAUD—CIRCUMSTANCES CAPABLE OF NATURAL EXPLANATION.—Fraud may be inferred from acts and circumstances, but when the acts are susceptible of a natural explanation consistent with the good faith and honesty of the parties, they do not establish fraud and the legal conclusion is in favor of innocence.

The facts are stated in the opinion.

*Mr. Jacinto Texidor* for the respondent.

*Messrs. Bosch & Soto* for the appellant.

MR. CHIEF JUSTICE HERNÁNDEZ delivered the opinion of the court.

This case originated in the District Court of San Juan, Section 1, in a complaint filed by Rafael A. Llaneza on September 28, 1912, against José Dimas Riera, the fundamental allegations of which are as follows:

*First.* That by a deed executed on October 13, 1902, before Notary Juan de Guzmán Benítez, Olegario Riera, who claimed to be the verbally appointed attorney in fact of Rafael Alvarez Llaneza, sold to Ramón Ruiz Arnau an urban property belonging to the plaintiff for the sum of $2,500, which sale was ratified by defendant José Dimas Riera, the attorney in fact of the plaintiff, in a public instrument executed on November 17 following.

*Second.* That José Dimas Riera made his principal, Llaneza, believe that the sale had been made for the sum of $2,200 and of the actual selling price of $2,500 he retained and unlawfully appropriated to his own use the sum of $300—$200 from

the part paid in cash and $100 from the deferred payments agreed upon in the deed.

*Third.* That by reason of said fraudulent acts of the defendant the plaintiff has been deprived of the said sum of $300 since October 30, 1902, and of the profits which might have accrued therefrom, causing him damages in the sum of $360 up to the date on which the complaint was filed.

The complaint concludes with the prayer that the defendant be adjudged to pay to the plaintiff the sum of $660, the amount unlawfully appropriated to his own use and the damages caused, together with lawful interest on the said sum from the date of the complaint, with costs, disbursements and attorney's fees.

The defendant alleges in his answer to the complaint that he informed Rafael A. Llaneza that the actual amount obtained from the sale of the house was $2,200, which was the price the vendor agreed to take and at which the attorney in fact was instructed to sell, for although the purchaser, Ruiz Arnau, paid $2,500 and that is the amount stated in the deed, the fact is that the agent who brought about the sale, Salvador Bugella, was paid $300 out of the said $2,500 for his services, the firm of Riera Hermanos having received $2,200 as the net proceeds of the sale and credited the same to the account of R. A. Llaneza, who ratified the acts of José Dimas Riera and Riera Hermanos in the said transaction.

The case went to trial and on September 23, 1913, the District Court of San Juan, Section 1, rendered judgment in favor of the plaintiff and against the defendant for the sum of $300 with lawful interest from the date of the filing of the complaint until fully paid, together with the costs and disbursements of the action.

From that judgment the attorney for the defendant appealed to this court, alleging as a ground therefor that the court committed error in weighing the evidence.

Let us review the evidence introduced.

(*a*) By a public deed executed on October 30, 1902, Rafael Alvarez Llaneza, through his verbally appointed attorney in fact, Olegario Riera, sold to Ramón Ruiz Arnau the house in question for the sum of $2,500; $1,200 in cash and the remainder in instalments to be paid as follows: $400 on January 31 of the following year, $400 on July 31 of the same year and $500 on January 31, 1904.

(*b*) The said deed was ratified by José Dimas Riera as the attorney in fact of Alvarez Llaneza in another deed of November 17, 1902.

(*c*) By another deed of February 1, 1904, José Dimas Riera, as attorney in fact of Rafael Alvarez Llaneza, executed an acquittance in favor of Ramón Ruiz Arnau.

(*d*) On December 3, 1902, the defendant, José Dimas Riera, addressed a letter to the plaintiff, Rafael Alvarez Llaneza, in Olloniego, Asturías, from which we quote the following extracts relative to the negotiations for the sale of the house.

"The sale of the house was effected in the following manner:

| | |
|---|---|
| "Cash | $1,000 |
| "Amount due Feb. 28 next | 600 |
| "Amount due Sept. 30 | 600 |
| "Total | $2,200 |

"When I left on my last trip, in accordance with your instructions I was negotiating for the sale of the house, but up to that time I had not been able to do anything. However, the negotiations continued and Olegario made the sale before I arrived, believing it to be a good one, and on my arrival I rectified (*sic*) the transaction as your attorney in fact. I would not have closed the transaction without consulting you, but this would have prevented the sale either because he would have purchased another or would have made a closer inspection of the house, as he did later. The house was sold to Salvador Bugella for $2,000 and he sold it to Dr. Ruiz Arnau who executed a first mortgage thereon to guarantee the deferred payments mentioned above. After the sale to Bugella he made the sale to Ruiz Arnau and later a difference arose between them which they took to court, but the case went against Ruiz Arnau and he was obliged to

take the house. The house was in a worse condition than he thought, as he had hardly seen it except from the outside. All this was brought to his attention by T. Larrínaga when he learned that Ruiz Arnau had made the purchase, because he wanted to sell him another. Briefly, he has the deed to the house and is the mortgagor. He made me the following proposition which I did not accept, but told him that the matter did not depend upon me but upon you inasmuch as I had remitted to you the amount he had paid. From the $1,000 which he paid on account he was willing to lose $200 if $800 were returned to him and you took back the house. If you agree to this, advise me by next steamer. However, I would advise you not to accept it because the house is in bad condition and besides the considerable immediate outlay which will have to be made for repairs, the house will have to be torn down within two years. It is a house built of scrap lumber and now that it is getting old this condition becomes more evident, for no sooner is one side put in repair than another side needs the same treatment. However, you may do as you please, but the proposition sustains my opinion. I believe the transaction is a good one for you. In its present condition the house is not worth any more nor even as much. You will not fail to understand that whatever you decide upon will be the same to me  *  *  *.

"Enclosed please find our draft, No. 52, in your favor on Mateo Rucabado, 255 Pearl Street, for the sum of $1,000 U. S. currency, the amount of the cash payment made to our firm on account of the sale of your house."

The defendant, José Dimas Riera, who was called as a witness by both parties, testified that he held a general power of attorney from the plaintiff, Rafael Alvarez Llaneza, which contained a clause empowering him to sell and that he had instructions to sell the house of Alvarez Llaneza for $2,000 or more; that he had commissioned his brother Olegario to make the sale and that he himself did not intervene personally in the transaction; that upon his return from New York, where he was at the time, his brother informed him that he had made the sale to Ruiz Arnau through Salvador Bugella whom he had told that the minimum selling price was $2,200, Bugella to receive the difference between that sum and any greater amount which he might obtain; that his brother informed him that Bugella had fixed the price for himself at

$2,200 and afterwards requested him to execute the convey-
ance directly to Ruiz Arnau, saying that although he had
bought the house he had sold it to Ruiz Arnau; that with the
said information in mind he wrote Llaneza the letter of De-
cember 3, 1902, and that that was the reason for the contra-
dictions between the letter and the deed of sale referred to;
that when he discovered said contradictions he wrote another
letter to his principal explaining everything and informing
him that $300 had been paid to Bugella; that considering the
time which had elapsed, he believes that the book in which the
said letter was copied had been burnt together with other
books; that in the account rendered Llaneza he was credited
with the sum of $2,200 only, which was the net proceeds of the
sale of the house after Bugella had received $300 which be-
longed to him as the amount in excess of the $2,200 which was
the price agreed upon.

Rafael Bargaño, a partner of the defendant, was called
by him as a witness and testified that the house was sold to
Ruiz Arnau, but that he did not know at what price and that
Olegario Riera fixed the price to Bugella at $2,200, the dif-
ference between that sum and the amount which he might ob-
tain being presumably for him.

Salvador Bugella, also a witness for the defendant, testi-
fied that towards the end of the year 1902 Olegario Riera of-
fered him the business of selling a house and fixed the price
at $2,200, he to receive any excess which he might obtain over
that sum; that he undertook the sale and offered the house
to Ruiz Arnau among others; that Ruiz Arnau agreed to
purchase the house for $2,500, of which amount the firm of
Riera received $2,200 and the witness $300 as his commis-
sion, said commission being paid to him by Olegario Riera.

Neither in the letters which Riera Hermanos wrote to
Rafael Alvarez Llaneza on October 6, 1903, November 23,
1903, January 28, 1904, and June 8, 1904, nor in the accounts
rendered by the said firm to Llaneza, is there any item rel-
ative to the $300 paid to Bugella as commission for the sale

of the house or any item showing that said sale was made for $2,500, but on the contrary, in one of the accounts rendered Llaneza is credited with the sum of $2,200 for the sale of his house in Santurce.

This is the evidence introduced at the trial and, considering it under the rules of evidence, we are of the opinion that it does not support the judgment appealed from.

As alleged by the appellant, it is perfectly clear both from the answer and from the complaint that the object of the plaintiff's action is to recover certain sums which the defendant, his attorney in fact, unlawfully appropriated while the power of attorney was in force and the illegality of the said appropriation is based on the fraud practised by the said attorney in fact for that purpose.

The evidence introduced at the trial shows clearly that Rafael Alvarez Llaneza gave José Dimas Riera, the defendant, authority to sell the house; that the sale was made through Salvador Bugella; that the price paid by the purchaser, Ruiz Arnau, was $2,500; that of this amount Salvador Bugella was paid $300 for his services in the matter and that the attorney in fact rendered an account to his principal for the remaining $2,200.

There is not the least indication that José Dimas Riera appropriated to his own use any portion of the proceeds of the sale of the house, as is alleged in the complaint, and whether Salvador Bugella bought the house on his own account for the sum of $2,200 with the object of selling it and gaining any excess for which he might be able to sell it or whether he acted as agent for the defendant under an agreement that if he sold the house for more than $2,200 he would receive the excess over that amount as a remuneration for his services, which remuneration he actually did receive to the extent of $300, the result would be that the defendant not only did not proceed fraudulently, but acted in good faith in crediting the account of his principal with the sum of $2,200 as the net proceeds of the sale of the house.

It is true that it does not appear that Riera notified Alvarez Llaneza of the terms on which the sale of the house was actually made by the deed of October 30, 1902, which was subsequently ratified and according to which the sale was effected for $2,500, but it is to be observed that on December 3 of the same year, at the commencement of the negotiations, Riera notified Llaneza that the house had been sold to Salvador Bugella for the sum of $2,200 and that Bugella had subsequently sold the same to Ruiz Arnau without stating the price in the letter, and the letter and deed may be harmonized by construing the first in the sense that the house was sold to Bugella for $2,200 and that Bugella sold it later to Ruiz for $2,500 and that the price of $2,500 was stated in the deed of sale made by Riera to Ruiz Arnau because that was really the price at which Bugella made the sale to Ruiz Arnau although Riera was to receive only $2,200 and the remaining $300 was to be paid to Bugella according to the agreement.

We fail to see that any fraud was practised by Riera to the injury of his principal, but on the contrary the lack of malice in his action appears to be shown by the fact that while he informed his principal that the sale was made for $2,200, nevertheless he stated in the deed that it was made for $2,500, thus furnishing his principal with a proof of the deceit supposed to have been committed. If Bugella had taken no part in the sale of the house there was no reason whatever why Riera should have so stated in the letter which he wrote to Alvarez Llaneza on December 3, 1902. Bugella actually took part in it and as he sold the house to Ruiz Arnau for $2,500 it was not possible to execute the deed without stating therein that the price was $2,500 and not the $2,200 agreed upon between Riera and Bugella. Having actually paid $2,500, Ruiz Arnau would not have signed the deed if the purchase price had been stated at $2,200.

It is not alleged in the complaint that Riera exceeded the limits of the power of attorney in selling the house for

$2,200, which was the price received by Llaneza, nor is it contended that he should render an account to his principal for the sum of $2,500, which is the price at which the said sale was effected according to the deed referred to. As we have stated before, the only claim is for the restitution by the defendant to the plaintiff of the sum of $300 alleged to have been appropriated unlawfully and fraudulently, and the issue joined in the action cannot be changed. The fundamental allegation of the complaint has not been proved.

"Fraud may be inferred from facts and circumstances, but when these facts are susceptible of a natural and probable explanation consistently with the good faith and honesty of the parties they do not prove fraud, and the legal conclusion then is in favor of innocence." Moore on Facts, vol. 1, pp. 82, 83.

For the foregoing reasons the judgment appealed from should be reversed and a judgment rendered in favor of the defendant without special imposition of costs.

*Judgment reversed and complaint dismissed without special imposition of costs.*

Justices Wolf, del Toro and Aldrey concurred.

Mr. Justice Hutchison took no part in the decision of this case.